RAFAEL GARCÍA SOLER, Petitioner, v. DISTRICT COURT OF MAYAGÜEZ, Respondent.

No. 899. Argued April 10, 1933.—Decided July 14, 1933.

*Guerra-Mondragón & Soldevila* for petitioner. *R. Soltero Peralta* and *Virgilio Brunet* for grantee of award.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is a certiorari proceeding. It was alleged that the Industrial Commission had exceeded its jurisdiction in setting aside a certain decision previously rendered by it, and that the District Court of Mayagüez had acted contrary to law in the determination of the proceedings brought to review the action of the commission. The writ was issued.

We have before us, besides our own record, those of the Industrial Commission and of the District Court of Mayagüez. Briefs have been filed fully discussing all the questions involved in their various aspects.

There was prosecuted before the Industrial Commission of Puerto Rico its case No. 13790, regarding the partial permanent disability of the workman Hipólito González resulting from an injury which he suffered while working for his employer Rafael García Soler on April 17, 1929, in a road under construction in the Municipality of Maricao.

On September 25, 1929, the commission decided the case by awarding the workman $550 as compensation to be paid by the State Insurance Fund, the employer being insured with the latter. After the order of payment was issued, it was returned unsatisfied on October 24 by the Treasurer of Puerto Rico with the statement that the employer was not insured with the State Insurance Fund. On October 30, 1929, the commission on its own motion set aside its decision of September 15, and reopened the case, which was set for rehearing after summoning the parties. On December 9, 1929, the case was finally decided by the commission in the same sense

.as formerly, except that it considered the employer as not being insured with the State Insurance Fund, and hence personally liable for the compensation.

Thereupon the employer appealed to the District Court of Mayagüez, which dismissed his appeal on October 5, 1932. That court in its statement of the case and opinion stated that after a careful examination of the evidence and the briefs, it held as proved the following facts:

"1.—That the appellant Rafael García Soler was an employer insured for the work of 'construction of a road between Maricao and the ward of Indiera' during the fiscal year 1927–1928, the insurance having commenced on April 19, 1928, in accordance with Act No. 102 of 1925, and said policy having expired upon the taking effect of Act No. 85 of 1928, on or about May 14, 1928.

"2.—That the accident suffered by the workman Hipólito González occurred on April 17, 1929.

"3.—That the appellant employer, Rafael García Soler, did not obtain or keep in force any workmen's insurance policy at the time of the accident.

"4.—That said employer obtained on May 24, 1929, that is, 37 days after the accident, a workmen's insurance policy from the State Insurance Fund.

"5.—That the orders of October 30 and December 9, 1929, entered by the respondent Industrial Commission, are perfectly valid and were rendered in accordance with its jurisdictional powers and in the exercise of its functions as a quasi-judicial body."

Whereupon the employer instituted the present certiorari proceeding in this Supreme Court. He strongly urges that, after the commission had rendered its order of September 25, 1929, which became final, as neither the employer, nor the workman, nor the State Insurance Fund appealed therefrom, it acted without jurisdiction in setting aside said order on October 30, 1929, and in rendering a new decision on December 9, 1929. He cites *Berríos* v. *District Court*, 42 P.R.R. 155, 360, thus:

"He did not act within the law, and the decision became final and is binding under the express provisions of the statute (sections 19

and 12). Execution thereon lies in accordance with sections 24, 25, and 41. *Berríos* v. *District Court*, 42 P.R.R. 155, 162.

". . The law provides the proper remedies for correcting any error that might be committed by the Commission, and the Superintendent should have obeyed and followed the law. *Berríos* v. *District Court*, 42 P.R.R. 360, 361."

In accordance with the holding in the very case of Berríos, *supra*, the commission acts in these cases as a quasi-judicial entity and by virtue thereof it has power, in our judgment, to revise and correct its own decisions in order to conform the same to law and justice. And in revising its decision of September 25, 1929, it became aware that in rendering the same it had proceeded on an erroneous basis, namely, that the State Insurance Fund was the insurer, when the fact was otherwise. If the case had been prosecuted with the intervention of the State Insurance Fund and the latter had not averred such fact, or if having averred it the commission, after weighing the evidence, should have made an adverse finding upon it, the situation would be different; but since the case was heard and decided without the intervention of the insurer State Insurance Fund, the proceeding was wholly void and the commission had power and was bound to act as it did.

Only a few days ago, on the 11th of this instant month of July, this court, in *Berríos* v. *Domenech, Treasurer, ente,* page 333, expressed itself as follows:

"The commission had power to consider and determine the case in accordance with the pleadings and the evidence, but it lacked authority to decide it without giving the interested parties an opportunity to be heard. If the insurer is the State Insurance Fund, it should be afforded an opportunity to defend before it can be condemned, the same as any other insurer. 'In its quasi-judicial functions the Industrial Commission shall represent the public interests only.' Section 7, Act No. 85 of 1928, as amended in 1929 (Act No. 40, Session Laws, p. 222). In such cases, the Workmen's Compensation Bureau referred to in subdivision (c) of said section must be considered as a party to the proceedings. It is on the assumption that such a procedure will be followed that one can explain the

existence in the act of the last paragraph of section 24, which we cited in our opinion of April 28, 42 P.R.R. 155, and by virtue of which we declared that since the Superintendent had failed to apply for a review of the decision of the Industrial Commission the same had become final (*firme*).

"The law, as we have construed it in this opinion and in those heretofore delivered—42 P.R.R. 155 and 360—is that where the Industrial Commission, representing the public interest only, undertakes to determine upon the facts and the law, the compensation that should be paid to a workman, and said workman is insured with the State Insurance Fund, the Superintendent of Insurance has no power by himself and as a final arbiter to set aside the decision of this commission; but in such a case the State Insurance Fund should be acknowledged and dealt with as any other insurer, with power to intervene in the proceedings and to invoke against said decision all the remedies granted to any other insurer."

The other questions raised go to the merits of the main controversy and we are not bound to consider and determine them within the present certiorari proceeding. We wish to say, however, that from the brief study we have made of them, we are inclined to believe that they were properly decided by the Industrial Commission and the District Court of Mayagüez.

The writ issued must be discharged and the record returned to the district court for the proper proceedings.